IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re )
    PHILIP N. LAURO and )
    FEARNA C. LAURO )
        Debtors )
                                                  )
 )
PHILIP N. LAURO and FEARNA C. LAURO )
 )
                Appellants, ) Civil Action No. 07-670
 )
        v. ) (Appeal related to
 )   Bankruptcy Case No. 06-20607)
ROBERT SHEARER Esquire, as Trustee, )
 )
                Appellee. )

MEMORANDUM OPINION

CONTI, District Judge

## I.    Introduction

The matter pending before the court is an appeal from two orders entered by the bankruptcy court in Bankruptcy Case No. 06-20607. The bankruptcy court had denied Philip N. Lauro and Fearna C. Lauro (the "Lauros" or "appellants"), the debtors in that case, a discharge and closed their bankruptcy case because the Lauros failed to file a certification of completion of their post-petition credit counseling within the forty-five-day deadline as specified under Interim Federal Rule of Bankruptcy Procedure 1007(c). Specifically, the Lauros appealed the bankruptcy court's order entered February 20, 2007 (the "February 20, 2007 Order"), which denied the Lauros' motion to reopen their bankruptcy case, and the order entered April 3, 2007 (the "April 3, 2007 Order"), which denied the Lauros' motion for reconsideration of the February 20, 2007 Order. In the appeal the Lauros argue that the bankruptcy court abused its discretion in denying the Lauros' motion to reopen

their chapter 7 bankruptcy case because their failure to file the certification was the result excusable neglect.

The equitable factors set forth in Pioneer Investment Service Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), must be weighed by the court to determine whether the Lauros met their burden to prove excusable neglect. The bankruptcy court abused its discretion in not explaining how it weighed those factors. This court concludes that the Lauros met the requisite burden and finds that their delay in completing their post-petition credit counseling and filing their certification of completion resulted from excusable neglect. By reason of that finding, the orders of the bankruptcy court will be reversed, the Lauros' bankruptcy case will be reopened and this matter will be remanded to the bankruptcy court.

**II.    Factual and Procedural Background**

On February 20, 2006, the Lauros filed a petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. The Lauros fulfilled the financial education requirements mandated by 11 U.S.C § 109(h) and 727(a)(11) under the 2005 amendments to the Bankruptcy Code. See Pub. L. No. 109-8, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The Lauros, however, failed to file a statement regarding completion of a post-petition course in personal financial management within the forty-five-day time period following the first date of the meeting of creditors (the "Section 341 meeting") in violation of Interim Federal Rule of Bankruptcy Procedure 1007(c). The Lauros completed this program on June 12, 2006 and filed their statement of completion on June 22, 2006, approximately two months after the deadline imposed by Rule 1007(c). The Lauros mistakenly believed that they had six months to complete the course and file the statement, and their attorney did not inform them otherwise.

On November 2, 2006, the bankruptcy court pursuant to 11 U.S.C. § 727(a)(11) denied their discharge and closed the Lauros' chapter 7 case by reason of their failure to file a certificate regarding completion of the course within the forty-five-day period specified by Rule 1007(c). On January 16, 2007, the Lauros filed a motion to reopen seeking to have the bankruptcy court reopen their case. They argued that their failure to comply with Rule 1007(c) constituted excusable neglect because they were mistaken about the required time window and the bankruptcy court's notice of the Section 341 meeting contained no mention of the forty-five-day deadline.

At the hearing on the motion to reopen held on February 20, 2007, the Lauros' counsel proffered that the Lauros erroneously believed the deadline was six months due to their own internet research, notwithstanding a letter from their lawyer's firm. (Feb. 20, 2007 Tr. at 2.) In addition, the Lauros' counsel proffered that the clerk's notice of the Section 341 meeting sent to them did not include any notice about the forty-five-day time period in which to file a certification of completion of the personal financial management course. (Id.)[1] The Lauros' counsel maintained that the Lauros paid their "toll," the filing fee to reopen of $220, and that a discharge would not prejudice creditors or the bankruptcy court. The bankruptcy court and the Lauros' counsel engaged in the following colloquy on the record:

> Bankruptcy Court: And just how long do I have to do this, like if somebody does the same thing a year after the 45 days, do I have to do it then, too?
>
> Counsel: Your Honor, I certainly understand the Court's concern, and that's one of the reasons that I think that the clerk's office has added the third page, to basically say to debtors, there's no more excuse at this point. You have in your notice of 341 meeting that, hey, you have to have these things filed within

---

1. The bankruptcy court's clerk's office has since added to the Section 341 meeting notice a statement about the requirement to file the education certification within forty-five days. (Feb. 20, 2007 Tr. at 3.)

|                     | 45 days.  There's no excuses at this point.  But, at the time that the debtors filed this bankruptcy, that third page was not part of the 341 meeting notice. So I can't say after this -- at this time that any further excuses is [sic] excusable for that matter. |
|---|---|
| Bankruptcy Court:   | When did they file this case? |
| Counsel:            | They filed this case on February 20th, 2006. Your honor, I did bring with me a copy of the notice to creditors if you'd like to see a copy of it? |
| Bankruptcy Court:   | That doesn't do anything for me. |
| Counsel:            | I also brought a copy of the notice to creditors that's sent out to debtors. |
| Bankruptcy Court:   | I've been letting these things go when the debtors got the counseling within the 45 days, and the lawyers screwed up and they pay the filing fee.  This is one where they apparently did it on their own and they screwed up. |
| Counsel:            | That is my understanding, Your Honor.  It's my understanding that the debtors did some independent Internet research, incorrectly so. |
| Bankruptcy Court:   | I'm sorry, I can't do it. |

(Id. at 4.)

The bankruptcy court denied the motion to reopen, refusing to excuse the Lauros from their own error.  (Id. at 4.)  In doing so, the bankruptcy court did not explain how the court evaluated the issue raised by the Lauros with respect to excusable neglect as required by Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 385 (1993) and Welsh & Forbes, Inc. v. Cendant Corporation (In re Cendant Corporation Prides Litigation), 235 F.3d 176 (3d Cir. 2000).  The Lauros' counsel, however, neglected to raise or bring to the bankruptcy court's attention the requirements of Pioneer and In re Cendant as an issue.

The Lauros subsequently filed a motion for reconsideration. At the hearing on that motion held on April 3, 2007, the Lauros' counsel proffered that the letter the counsel sent to the Lauros to remind them to take the financial management course never mentioned the forty-five-day deadline. (Apr. 3, 2007 Tr. at 2.) The Lauros' counsel argued that this error of counsel, coupled with the lack of notice from the clerk of the bankruptcy court's office, accounted for the Lauros' failure to complete the course and file the certification by the specified date. (Id.) The bankruptcy court and the Lauros' counsel engaged in the following colloquy on the record:

> Bankruptcy Court: All right. If they didn't take the course within 45 days - this law has been in effect for almost two years now.
>
> Counsel: This is one of the first cases I actually filed as a Chapter 7 under the new bankruptcy code.
>
> Bankruptcy Court: I don't really care, that's your problem.
>
> Counsel: Yes.
>
> Bankruptcy Court: The law's been in effect for two years. You didn't read it, you don't understand it, then maybe you shouldn't be practicing.
>
> Counsel: I did understand it, but I don't think that I adequately informed the clients.
>
> Bankruptcy Court: Well, that's your fault then, isn't it?
>
> Counsel: Yes.
>
> Bankruptcy Court: So you run them through again at your expense --
>
> Counsel: Yes.
>
> Bankruptcy Court: -- and that's just the way it will work. Denied.

(Id. at 3.)  Once again, neither the bankruptcy court nor the Lauros' counsel raised the issue of how to evaluate the issue of excusable neglect as required by Pioneer and In re Cendant.  The bankruptcy court simply denied the Lauros' motion for reconsideration.

The Lauros timely appealed to this court to reopen their chapter 7 case or, alternatively, to remand the case with instructions to the bankruptcy court to consider whether the Lauros have sufficiently demonstrated excusable neglect.

**III.    Standard of Review**

This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a).  The court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and its conclusions of law under a *de novo* standard.  In re Sharon Steel Corp., 871 F.2d 1217, 1222-23 (3d Cir. 1989).  Bankruptcy courts have the authority to grant relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) because of its applicability to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 9024.[2] In fact, bankruptcy courts are accorded "a very large measure of discretion" in passing on motions for relief from judgment, and a reviewing court will not set aside an exercise of that discretion unless it is persuaded that under the circumstances of the particular case the action . . . is an abuse of discretion."  11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2872, at 427 (1995); see Wagner v. Pennsylvania R.R. Co., 282 F.2d 392, 397-98 (3d Cir. 1960).

---

2.    A bankruptcy court's decision to reopen a case pursuant to 11 U.S.C. § 350(b) is reviewed under an abuse of discretion standard.  Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997).

**IV.     Discussion**

Congress enacted the 2005 amendments to the Bankruptcy Code, among other reasons, to aid debtors in regaining financial stability. 151 CONG. REC. H1974 (2005). Sections 109(h) and 727(a)(11) of the Bankruptcy Code were amended to require an individual debtor filing for chapter 7 bankruptcy relief to complete pre-petition and post-petition credit counseling and personal financial management courses. 11 U.S.C. §§ 109(h), 727(a)(11). A debtor must file a certificate of completion of the post-petition course "within 45 days after the first date set for the meeting of creditors." FED. R. BANKR. P. 1007(c).

Appellants argue that the forty-five-day period to submit the certification of post-petition credit counseling may be enlarged under Federal Rule of Bankruptcy Procedure 9006(b)(1). That rule provides that a bankruptcy court may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(1). Therefore, the Lauros assert that the bankruptcy court's denial of the motion to reopen their chapter 7 case constitutes reversible error because the court failed to consider the issue of excusable neglect.

The Supreme Court considered the issue of excusable neglect in bankruptcy proceedings in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993). In Pioneer, the respondent creditors in a pending chapter 11 bankruptcy case failed to file a proof of claim by the deadline established by the bankruptcy court under 11 U.S.C. §1111(a) and Federal Rule of Bankruptcy Procedure 3003(c)(2). Id at 383. The respondents argued that a late filing was permissible in their situation because the conduct of their attorney constituted excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b)(1). Id. The bankruptcy court held that the failure of respondents' counsel to file the proof of claim in a

timely manner due to his withdrawal from his former law firm did not constitute excusable neglect. The Supreme Court disagreed. Analogizing the use of the phrase "excusable neglect" in Federal Rule of Bankruptcy Procedure 9006(b)(1) to its use in the Federal Rules of Civil Procedure, the Court determined that excusable neglect "is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." Id. at 391. As a result, the Court concluded that respondents were entitled to an equitable inquiry as such an inquiry does not jeopardize the chapter 11 policy goals of "rehabilitating the debtor and avoiding forfeitures by creditors."[3] Id. at 389.

To undertake an equitable examination of the circumstances surrounding the filer's omission for the purposes of ascertaining excusable neglect, the Court in Pioneer referred to the factors utilized in In re Dix, 95 B.R. 134, 138 (B.A.P. 9th Cir. 1988). Pioneer, 507 U.S. at 385. These factors include:

> (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; and (5) whether clients should be penalized for their counsel's mistake or neglect.

---

3. In Pioneer, the Court specifically noted that the time requirement for filing a proof of claim in a chapter 11 case was not excepted for the time-extension provision of Federal Rule of Bankruptcy Procedure 9006. Likewise, the filing of the debtors' post-petition credit counseling certification in a chapter 7 case is not excepted from the time extension of Rule 9006 and thus the rationale of Pioneer is applicable to this case. Pioneer, 507 U.S. at 389 n.4.

Id.[4]  The Court hesitated to create a "bright line test" to distinguish "between ordinary negligence and partial 'indifference' to deadlines" and instead applied the Dix factors, concluding that Congress provided no other guideposts.  Id. at 395.

Subsequent decisions by the United States Court of Appeals for the Third Circuit have applied the Supreme Court's test for excusable neglect delineated in Pioneer.  In Chemetron Corporation v. Jones, 72 F.3d 341 (3d Cir. 1995), a bar date order establishing the deadline for creditor claims was issued after Chemetron Corporation and co-debtors filed for relief under chapter 11 of the Bankruptcy Code.  Chemetron, 72 F.3d at 344.  Four years after the bar date the plaintiffs brought suit against Chemetron for injury from exposure to toxic chemicals.  Id. at 345.  The plaintiffs sought permission from the bankruptcy court to file late claims, which the bankruptcy court granted.  Id.

The court of appeals in Chemetron determined that Chemetron Corporation's general publication notice was sufficient to apprise unknown creditors like the plaintiffs about the claims bar date.  Id.  Therefore, the plaintiffs were required to prove that their late filing was a result of excusable neglect under the Pioneer standard.  Id. at 349.  In its analysis, the court of appeals found that the bankruptcy court's "totality of the circumstances" approach to the issue of excusable neglect raised by the plaintiffs was inadequate.  "Not only was the bankruptcy court incorrect in its assumption that claimants were known creditors entitled to actual notice, but the court failed to make additional relevant factual findings" required under Pioneer.  Id. at 349-50.  The court also criticized the district court's Pioneer analysis, commenting that although it was

---

4. Since Pioneer, courts interpreting the phrase "excusable neglect" for the purposes of bankruptcy proceedings have used the Dix factors approach, but have diverged with respect to the weight each factor should be accorded.  See In re Keene Corp., 188 B.R. 903, 908 (Bankr. S.D.N.Y, 1995)("the pivotal factor [in Pioneer] was the 'dramatic ambiguity' in the notice of the bar date."); In re Sukmungsa, 333 B.R. 875, 879 (Bankr. D. Utah, 2005)("the Tenth Circuit has joined other circuits in emphasizing the third factor, i.e., the reason for the delay.").

more thorough than that of the bankruptcy court, "the district court failed to undertake a comprehensive analysis of how the claimants' late filing would prejudice Chemetron, and also failed to consider the role that Chemetron might have played in contributing to the delay." Id. at 350. The court of appeals remanded the case to the bankruptcy court for reconsideration in accordance with the court's instructions. Id.

In Welsh & Forbes, Inc. v. Cendant Corporation (In re Cendant Corporation Prides Litigation), 235 F.3d 176 (3d Cir. 2000), the court of appeals followed its rationale in Chemetron. In In re Cendant, the court of appeals determined that the district court failed to apply the proper excusable neglect standard in evaluating a class member's late filing of its proof of claim in a class action. Id. at 177.[5] The court of appeals found the district court's ruling to be an abuse of discretion and violated the duty of explanation imposed in the wake of Pioneer. Id. at 182. The court stated:

> In the wake of *Pioneer*, we have imposed a duty of explanation on District Courts when they conduct "excusable neglect" analysis. In *Chemetron Corp. v. Jones*, 72 F.3d 341 (3d Cir.1995), we addressed the Bankruptcy Rule that permits courts to accept late-filed claims when the late-filing was due to "excusable neglect." In *Chemetron* we held that the bankruptcy court's "analysis failed to adequately consider the totality of the circumstances presented." *Id.* at 349. Specifically, we faulted the court for failing "to make additional relevant factual findings, including the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the

---

5. In contrast to the bankruptcy case in Chemetron, In re Cendant involved a settlement of the Cendant PRIDES class action litigation. In re Cendant, 235 F.3d at 178. "To collect the Rights each PRIDES owner was required to submit a valid proof of claim by June 18, 1999" via mail as set forth in the clerk's notice. Id. The class member had submitted a proof of claim prior to the deadline, but due to complications in the class member's mailroom, the letter was not postmarked until one week later. Id. at 180. The district court "denied [the class member's] claim for being late with 'insufficient reason for delay." Id. The class member moved to vacate this judgment under Rule 60(b) on the ground that its late filing constituted "excusable neglect." Id. The district court denied the motion and the class member appealed. Id. In its analysis, the court of appeals cited to Pioneer, "made applicable to Rule 60(b) though Pioneer was a bankruptcy case." Id. at 181.

> movant acted in good faith." *Id.* at 350. The panel " remand[ed] the issue to the bankruptcy court, with directions [to] undertake a more comprehensive and thorough determination of whether the totality of the circumstances support claimants' defense of 'excusable neglect.' " *Id.* . . .

Id. The duty of explanation requires "an analysis of the factors constituting 'excusable neglect,'" which the district court in In re Cendent failed to meet in suggesting that the creditor's explanation for its late filing "was not worthy of the court's consideration." Id. Rather than remanding the case, the In re Cendant court itself evaluated the Pioneer factors as applied to the case and determined the late filing to be a result of excusable neglect. Id. at 184.

Lower courts have followed In re Cendant and recognized the duty of explanation in the context of analyzing excusable neglect issues. In Global Industrial Technologies Inc. v. Ash Trucking Co., Inc. (In re Global Industrial Technologies, Inc.), No. 06-79, 2006 U.S. Dist. LEXIS 29692 (W.D.Pa., May 4, 2006), the district court vacated and remanded a case where the bankruptcy court failed to analyze adequately the issue of excusable neglect with regard to a creditor's late filing of claims. In re Global Technologies, Inc. at *8. In In re Global Industrial Technologies a creditor filed claims which were challenged by the debtor as being time-barred. Id. at *2. The bankruptcy court disallowed the claims and denied a motion to reconsider that determination. The creditor appealed to the district court. The district court found that the bankruptcy court erred in not ordering a response to the creditor's motion and by not adhering to its duty of explanation regarding the Pioneer factors. Id. at *8. The case was remanded to the bankruptcy court "with the direction to perform, in the first instance, a comprehensive and thorough analysis of the issue of excusable neglect as set forth in Pioneer." Id.; see In re Lynch, No. 04-12751, 2004 WL 2977562 (Bkrtcy.E.D.Pa. 2004) (evaluated an excusable neglect claim under Pioneer).

It is evident from Pioneer and the decisions of the United States Court of Appeals for the Third Circuit that Federal Rule of Bankruptcy Procedure 9006(b)(1) entitles the appellants in the instant case to an equitable inquiry applying the Dix factors. The time period for filing a certificate of post-petition counseling in accordance with Rule 1007(c) is not exempt from enlargement. See FED. R. BANKR. P. 9006(b)(2)-(3). The bankruptcy court in this case failed to explain how it evaluated the Pioneer factors with respect to the circumstances surrounding the Lauros' delay in attending the post-petition credit counseling course and filing a certificate of completion. Under Pioneer and In re Cendent, the failure of the bankruptcy court to explain its decision constitutes an abuse of discretion. This court may remand to this case to the bankruptcy court for the purposes of evaluating the Lauros' conduct consistent with the factors articulated by Dix and endorsed by Pioneer, or may consider the Dix factors on the record before this court.

Here, the Lauros completed the post-petition course in financial management and filed their certificate of completion almost five months prior to the closure of their bankruptcy case. It is acknowledged that the Lauros untimely filed the certificate of completion. The failure to adhere to the forty-five-day period for completion of the course and the filing of the certificate of completion was explained as resulting from the inaccuracy of independent internet research conducted by the Lauros, the failure of the Lauros' counsel to advise them about the applicable time period and the lack of notice of the relevant time period in the Section 341 meeting notice. With respect to the first factor considered under Pioneer – whether the grant of delay will prejudice the debtors – the circumstances present in this case do not show any prejudice to the Lauros, the debtors, and weigh in favor of the Lauros. Indeed, the debtors are seeking the grant of the delay. With respect to the second factor considered under Pioneer – length of the delay and its impact on efficient court administration – the length of the delay in completing the course,

two months, was not shown to defeat the efficiency of court administration and weighs in favor of the Lauros. The delay in filing was not particularly significant and the certification was filed approximately five months prior to the bankruptcy court denying the Lauros' discharge. See Manus Corp. v. NRG Energy Inc. (In re O'Brien Environmental Energy, Inc.), 188 F.3d 116, 127 (3d Cir. 1999) ("prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence"). The bankruptcy clerk of court now provides notice of the forty-five-day period so that the situation present here should be unlikely to reoccur in the future. With respect to the third factor considered under Pioneer – whether the delay was within the reasonable control of the Lauros – they had reasonable control because if they had known about the time period they could have completed the course and timely filed the certification. This factor weighs against the Lauros. With respect to the fourth factor considered under Pioneer – whether the creditor acted in good faith – there is no creditor implicated in this matter and the factor weighs in favor of the Lauros. The bankruptcy trustee appointed in the bankruptcy case was named as a respondent in this appeal and was provided an opportunity to respond. The bankruptcy trustee chose not respond. (Doc. No. 4). With respect to the fifth factor considered under Pioneer – whether the client should be penalized for their attorney's mistake or neglect – there appears to be no reason why the Lauros should be penalized for their attorney's mistake in not advising them about the deadline. The debtors were the clients of the counsel who admitted that it was a mistake for him not to advise the Lauros about the forty-five-day time period. This factor weighs in favor of the Lauros. On the record before this court, after weighing the factors considered under Pioneer as discussed above, this court finds that as a matter of equity the delay in filing the certificate of completion resulted from excusable neglect and the Lauros' bankruptcy case should be reopened.

V.     **Conclusion**

Despite their failure to comply with the forty-five-day time limit specified by Interim Bankruptcy Rule 1007(c), the Lauros are entitled under Pioneer to an equitable inquiry regarding the issue raised with respect to excusable neglect.  Following Pioneer, the Court of Appeals for the Third Circuit imposed a duty of explanation for lower courts conducting an excusable neglect analysis.  The bankruptcy court abused its discretion in not conducting an equitable inquiry and explaining how it weighed the Dix factors.  This case could be remanded to the bankruptcy court or this court on the record before it could determine whether the Lauros met their burden of proving excusable neglect by a preponderance of the evidence.  See In re Cendant, 235 F.3d at 184.  As discussed above after evaluating the matter in light of the Dix factors, as applied in Pioneer, this court finds that the Lauros meet their burden of showing excusable neglect and holds as a matter of equity that their bankruptcy case will be reopened.  The February 20, 2007 Order and the April 3, 2007 Order of the bankruptcy court will be reversed and the Lauros' bankruptcy case will be reopened.

By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

Dated: November 20, 2007

cc: Counsel of Record